# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>KASIE KEYS,<br><br>     Defendant. | Case No. CR-21-332-RAW |

## <u>ORDER</u>

The Defendant is charged in this case with six counts of child abuse in violation of 21 OKLA. STAT. § 843.5(A) and two counts of child neglect in violation of 21 OKLA. STAT. § 843.5(C). Specifically, the Indictment alleges that the Defendant willfully and maliciously caused and threatened harm to the health, safety, and welfare of G.Y. by: (Count One) fabricating that G.Y. was terminally ill to obtain end of life hospice care for G.Y.; (Count Two) refusing hospital care for G.Y.; (Count Three) executing a Do No Resuscitate ("DNR") Order for G.Y.; (Count Four) requesting and administering unnecessary medication to G.Y.; (Count Five) delaying G.Y.'s Total Parenteral Nutrition ("TPN"); and (Count Six) fabricating G.Y.'s symptoms to medical providers to obtain unnecessary treatment for G.Y. The Indictment further alleges that the Defendant, while responsible for the health, safety, and welfare of G.Y., did willfully and maliciously fail and omit to provide proper maintenance of G.Y.'s: (Count Seven) TPN; and (Count Eight) sanitation.

Now before the court are the Defendant's motions to dismiss Counts Seven and Eight [Docket No. 66 and 75], the Government's responses thereto [Docket Nos. 68 and 78], and the Defendant's replies [Docket nos. 73 and 90]. Also before the court is the Defendant's motion for

a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) as to Counts Five, Six, Seven, and Eight [Docket No. 74] and the Government's response thereto [Docket No. 77]. The Defendant acknowledges that the motion is not filed within fourteen days of the arraignment and thus also requests that the court grant leave to seek a bill of particulars.

### *Statute of Limitations*

The Defendant argues that Counts Seven and Eight allege criminal activity that occurred on dates outside the applicable statute of limitations. The Indictment in this case was filed on October 12, 2021. Count Seven and Eight allege child neglect in violation of 21 OKLA. STAT. § 843.5(C) between December 18, 2014 and August 8, 2018 and between March 6, 2016 and August 8, 2018, respectively. The Defendant argues that 22 OKLA. STAT. § 152(H)'s three-year limitations period should apply.[1]

The Government argues that the applicable statute of limitations is found in 22 OKLA. STAT. § 152(C),[2] which provides the limitations period for crimes alleged pursuant to 21 OKLA. STAT. § 843.5. Under § 152(C), prosecutions must commence by the forty-fifth birthday of the alleged victim or within twelve years after a victim aged eighteen or older reports a crime to a law enforcement agency.

---

[1] "In all other cases a prosecution for a public offense must be commenced within three (3) years after its commission." 22 OKLA. STAT. § 152(H).

[2] Section 152(C) provides:

> Prosecutions for sexual crimes against children, specifically rape or forcible sodomy, sodomy, lewd or indecent proposals or acts against children, involving minors in pornography pursuant to Section 886, 888, 1111, 1111.1, 1113, 1114, 1021.2, 1021.3, 1040.12a or 1123 of Title 21 of the Oklahoma Statutes, **child abuse pursuant to Section 843.5 of Title 21 of the Oklahoma Statutes**, and child trafficking pursuant to Section 866 of Title 21 of the Oklahoma Statutes shall be commenced by the forty-fifth birthday of the alleged victim. Prosecutions for such crimes committed against victims eighteen (18) years of age or older shall be commenced within twelve (12) years after the discovery of the crime. As used in this paragraph, "discovery" means the date that a physical or sexually related crime involving a victim eighteen (18) years of age or older is reported to a law enforcement agency.

22 OKLA. STAT. § 152(C) (emphasis added).

The Defendant argues that because "child neglect" is not mentioned in § 152(C), the allegations in Counts Seven and Eight are not included.  The full title of § 843.5 is "Child abuse – Child neglect – Child sexual abuse – Child sexual exploitation – Enabling – Penalties."  Section 152(C) provides the limitations period for "child abuse pursuant to Section 843.5 of Title 21 of the Oklahoma Statutes . . . ."  As the Government argues, it is clear "child abuse" is shorthand for the entirety of § 843.5, as it is highly unlikely the legislature intended to leave out child sexual abuse or child sexual exploitation.  In fact, it is clear from the language of § 152(C) that the legislature did not intend to leave out child sexual abuse or child sexual exploitation.  Moreover, § 152(C) states that it applies to § 843.5, not only to particular subparts thereof.  The motion to dismiss is denied.

### *Constitutionality*

 The Defendant argues that Counts Seven and Eight should be dismissed because 21 OKLA. STAT. § 843.5(C) is unconstitutionally vague on its face under the Fifth Amendment to the United States Constitution.  Noting the broad range of possible punishment under § 834.5(C) – as low as a $500 fine and as high as life in prison – the Defendant argues that the statute fails to give notice as to what type of conduct is punishable and to what degree.  She argues that she is entitled to make this facial challenge pursuant to *Johnson v. United States*, 576 U.S. 591 (2015) and its progeny, which she argues invalidates the Tenth Circuit's long-standing precedent that "a court will consider a law's facial vagueness only if it threatens First Amendment interests or if the challenge is made before enforcement."  *United States v. Rodebaugh*, 798 F.3d 1281, 1294-95 (10t Cir. 2015).

The Defendant's counsel has made the same argument in another case in this district before the Honorable Jodi Dishman (sitting by designation).  After a thorough analysis, Judge Dishman concluded that "the Tenth Circuit has unequivocally instructed that a court should

consider a law's facial vagueness only if it threatens to chill First Amendment or other constitutionally protected conduct or if the challenge is made before enforcement. This Court is bound to apply that law unless an intervening Supreme Court decision contradicts or invalidates the Tenth Circuit's analysis." *United States v. Perez*, CR-21-158-JWD, Docket No. 163, at 13. This court agrees with Judge Dishman's analysis and conclusion. The motion to dismiss is denied.

### *Bill of Particulars*

The Defendant moves for a bill of particulars as to Counts Five, Six, Seven, and Eight of the Indictment, arguing that the date ranges are extreme and that the voluminous medical records in this case – 44,000 pages – do not shed light on what conduct serves as the basis for the charges.

Count Five of the Indictment charges that the Defendant committed child abuse between December 18, 2014 and August 8, 2018 by delaying the removal of G.Y.'s TPN. Count Six charges that the Defendant committed child abuse between November 13, 2013 and August 8, 2018 by fabricating G.Y.'s symptoms to medical providers to obtain unnecessary treatment for G.Y. Count Seven charges that the Defendant committed child neglect between December 18, 2014 and August 8, 2018 by failing and omitting to provide proper maintenance of G.Y.'s TPN. Count Eight charges that the Defendant committed child neglect between March 6, 2016 and August 8, 2018 by failing and omitting to provide proper maintenance of G.Y.'s sanitation.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citation omitted). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v.*

*Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (citation omitted).  A bill of particulars is not a discovery device, and a defendant is "not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Dunn*, 841 F.2d 1026, 1029-30 (1988).  "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009).

In each of Counts Five, Six, Seven, and Eight, the Indictment is sufficient as to time.  The court recognizes that the time windows alleged are approximately two and half years, just under four years, and just under five years in these Counts.  Nevertheless, while "prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements because of the inherent difficulties in investigating and prosecuting child abuse." *United States v. Beasley*, 688 F.3d 523, 533 (8th Cir. 2012) (citation and internal brackets and quotations omitted).  Additionally, the Defendant argues that she should not be required to guess what acts of hers the Government intends to allege were abuse or neglect.  While the court understands the difficulty in reviewing 44,000 pages of medical records, the allegations in Counts Five, Six, Seven, and Eight are specific as to the nature of the illegal activity.

### **Summary**

For the reasons stated above, the motions to dismiss Counts Seven and Eight [Docket Nos. 66 and 75] are hereby denied.  The motion for bill of particulars [Docket No. 74] is also denied.  The court notes that the Defendant has not filed a response to the Government's motion in limine for the court to take judicial notice regarding the Indian status of the alleged victim and the location of the crimes [Docket No. 67].  The court will address that motion as well as the

5

Government's motion for disclosure of the alleged victim's medical records subpoenaed by the

Defendant [Docket No. 83] at the pretrial conference.

**IT IS SO ORDERED** this 18th day of May, 2022.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

6