IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, v. **KASIE KEYS**, *Defendant.* | Case No. 21-CR-332-RAW |

## OPINION AND ORDER

Before the court is a Motion to Reconsider Judgment of Acquittal ("Motion") filed by the United States of America ("Government"). Dkt. No. 244. The Government asks the court to reconsider its November 22, 2022, Opinion and Order [Dkt. No. 235], which granted Defendant Kasie Keys' ("Defendant") Motion for Judgment of Acquittal and denied the Government's Motion to Reopen its Case-in-Chief. For the reasons set forth below, the Government's Motion is DENIED.

### BACKGROUND

The State of Oklahoma initially charged Defendant with felony child abuse, but the case was dismissed due to the jurisdictional implications of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).[1] Then, prior to the United States Supreme Court's subsequent ruling in *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022), the United States charged Defendant with six counts of Child Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1152 & OKLA. STAT. tit. 21, § 843.5(A), and two counts of Child Neglect in Indian Country in violation of 18 U.S.C. §§ 1151, 1152 & OKLA. STAT. tit. 21, § 843.5(C). Each count was principally based on allegations that

---

[1] *State of Oklahoma v. Kasie Keys*, District Court of Cherokee County, Oklahoma, Case No. CF-2019-0267.

Defendant medically harmed G.Y., her minor child. Title 18 U.S.C. § 1152, the statute pursuant to which the Government filed these charges, pertains to "interracial crimes only (*i.e.*, when the defendant is an Indian and the victim is a non-Indian, or vice versa)." *United States v. Prentiss*, 256 F.3d 971, 974 (10th Cir. 2001). It provides, in pertinent part, "[t]his section shall not extend to offenses committed by one Indian against the person or property of another Indian[.]" 18 U.S.C. § 1152.

The Government's pre-trial filings in this matter did not address or reference Defendant's non-Indian status. The Indictment the Government obtained from a grand jury alleged G.Y. was an Indian but did not allege Defendant was a non-Indian. Dkt. No. 3. The trial brief and amended trial brief that the Government filed both listed the elements of the charged offenses, but neither included Defendant's non-Indian status as an element. Dkt. Nos. 80, 91. Additionally, the two sets of proposed jury instructions that the Government submitted listed the elements of the charged offenses, but neither included Defendant's non-Indian status as an element. Dkt. Nos. 81, 191.

At trial, the Government presented negligible evidence of Defendant's non-Indian status. The prosecutor asked Tiffany Showalter, special agent for the FBI, "As part of the now federal investigation, did you also have to confirm the tribal status of the victim or the defendant in this case?" Dkt. No. 222, 10:13-15. Ms. Showalter responded that the victim was a member of the Cherokee Nation. *Id.*, 10:16-11:4. The prosecutor also asked Charles York, Defendant's former husband and G.Y.'s biological father, "What side of the family does [G.Y.'s] Native American heritage come from?" Mr. York responded, "My side." As for documentary evidence, the Government introduced exhibits related to the dismissal of the prior state court proceeding. The short order of dismissal allowed the state court to place an "X" next to two paragraphs – one provided that Defendant has some degree of Indian blood, while the other provided that the victim

2

has some degree of Indian blood [Government Exhibit 4, p. 1]. The state court placed an "X" by the paragraph regarding the victim and left blank the paragraph regarding Defendant. Finally, the Government admitted into evidence records from a genetics consultation G.Y. underwent. One such record listed G.Y.'s family history and provided: "MATERNAL: Native American ancestry." Government Exhibit 152, p. 3.

After the Government rested, Defendant moved for a judgment of acquittal on all eight counts pursuant to Federal Rule of Criminal Procedure 29. Specifically, she asserted that a defendant's Indian status is an essential element of a crime charged under 18 U.S.C. § 1152 and argued that the Government had failed to prove she was a non-Indian. The court reserved decision on the motion, allowed both parties to file expedited briefing, and proceeded with trial. *See* FED. R. CRIM. P. 29(b). Defendant then testified in her case-in-chief, and on cross-examination the Government elicited testimony that she was not "a member of any Native American tribe." The Government subsequently moved to reopen its case-in-chief. The court made an oral ruling from the bench in which it denied the Government's motion to the extent it planned to call any additional witnesses, but granted the motion to the extent Defendant's testimony could be considered as a part of the Government's case-in-chief.

After two days of deliberation, the jury returned verdicts of guilty on two counts of child abuse (Counts Two and Four) and verdicts of not guilty on two counts of child neglect (Counts Seven and Eight). The jury failed to reach unanimous verdicts on the remaining four counts of child abuse (Counts One, Three, Five, and Six). The court declared a mistrial as to those four counts [Dkt. No. 233].[2] *See* FED. R. CRIM. P. 31(b).

---

[2] This matter was tried over a period of eight days from November 7, 2022, to November 17, 2022. The jury deliberated for approximately eleven hours over a period of two days and twice sent notes to the court indicating it could not come to a unanimous decision on all counts [Court Exhibits 6, 8]. After the first note, the court gave the jury an instruction pursuant to *Allen v. United States*, 164 U.S. 492, 501 (1896), but the jury was still unable to reach a unanimous decision

Thereafter the court took up Defendant's Motion for Judgment of Acquittal [Dkt. No. 291] and the Government's Motion to Reopen Case-in-Chief [Dkt. No. 224]. On November 22, 2022, the court issued an Opinion and Order denying the Government's Motion to Reopen Case-in-Chief and granting Defendant's Motion for Judgment of Acquittal. Dkt. No. 235. In the November 22, 2022, Opinion and Order, the court modified its previous bench order regarding Defendant's testimony on cross-examination, holding instead that such testimony should not be considered as part of the Government's case-in-chief. *Id*. at 4 (noting that when a court reserves decision on a motion for acquittal under Rule 29(b), "it must decide the motion on the basis of the evidence at the time the ruling was reserved.").

In the instant Motion, the Government asks the court to reconsider its November 22, 2022, Opinion and Order. Dkt. No. 244. Defendant has filed a response brief in opposition to the Government's Motion. Dkt. No. 245.

## ANALYSIS

### I.   Standard of Review.

The Federal Rules of Criminal Procedure do not expressly authorize a motion for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, "[m]otions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "A district court has considerable discretion in ruling on a motion to reconsider." *United States v. Loera*, 182 F.Supp.3d 1173, 1202 (D.N.M. April 19, 2016).

---

on all counts. After the second note, the court gave an opportunity for the parties to comment on and recommend courses of action. It subsequently declared a mistrial.

4

"The specific grounds which allow granting such motions include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (citing *Christy*, 739 F.3d at 539). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . ." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.; *see also United States v. Huff*, 782 F.3d 1221, 1224 (10th Cit. 2015) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.").

## II.   Government's Motion to Reconsider.

The Government's Motion is styled a "Motion to Reconsider Judgment of Acquittal," but the Government also seeks reconsideration of the court's November 22, 2022, Opinion and Order to the extent it denied the Government's Motion to Reopen Case-in-Chief. In other words, the Government asks this court to reconsider both holdings of the November 22, 2022, Opinion and Order. The Motion appears to be premised on the contention that the court misapprehended the evidence and misapplied it to the law. Dkt. No. 244 at 2. The Government argues that in granting Defendant's Motion for Judgment of Acquittal, the court failed to consider the totality of the evidence and to view said evidence in the light most favorable to the Government. *Id*. at 3-4. Similarly, the Government argues that the court abused its discretion in denying the Government's Motion to Reopen-Case in-Chief. *Id*. at 9. For the reasons set forth below, the court disagrees.

As with the court's November 22, 2022, Opinion and Order [Dkt. No. 235], the court deems it appropriate to first address the Government's arguments with respect to reopening its case-in-chief.

**A. Government's Motion to Reopen Case in Chief.**

As noted above, the Government first moved to reopen its case-in-chief in open court following Defendant's motion for acquittal (decision on which the court reserved) and *after* cross-examining Defendant. The court made an order from the bench in which it denied the Government's motion to the extent it planned to call additional witnesses but granted the motion to the extent Defendant's testimony on cross-examination could be considered part of the Government's case-in-chief. Later, after review of the parties' briefing [Dkt. Nos. 219, 224], the court determined that Defendant's testimony on cross-examination should not be considered in deciding Defendant's Motion for Judgment of Acquittal because of the plain language in Rule 29(b). Dkt. No. 235 at 4.[3] The court held that the Government was not entitled to reopen its case-in-chief, that Defendant's testimony on cross-examination could not be considered in deciding her Motion for Judgment of Acquittal, and that Defendant's Motion for Judgment of Acquittal was properly granted. *Id*. at 7, *ff*.

The Government now argues that the court "abused its discretion when it denied the government's motion to reopen its case in chief after the defendant made her Rule 29 motion." Dkt. No. 244 at 9. Were the Government urging the Tenth Circuit to reverse this court's decision on appeal, a discussion of abuse of discretion would be warranted. *See, e.g., Morsey v. Chevron, Inc.*, 94 F.3d 1470, 1477 (10th Cir. 1996) ("A motion to reopen a case . . . will be reversed only

---

[3] The court's decision was based largely on the timing of the Government's request to reopen its case-in-chief and the court's interest in protecting Defendant's ability to make an informed decision as to whether to take the stand to testify in her defense.

for abuse of discretion."). But the Government has filed a Motion for Reconsideration. Dkt. No. 244. "The specific grounds which allow granting [a motion for reconsideration] include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . ." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Government does not argue an intervening change in law or the existence of evidence previously unavailable. Therefore, the Government's Motion may only be granted to correct clear error or manifest injustice. *Id*. On review of the Government's Motion and the court's November 22, 2022, Opinion and Order, the court is unable to discern clear error or manifest injustice.

In the November 22, 2022, Opinion and Order, the court analyzed each of the five (5) factors a trial court may consider in deciding whether to reopen a case. Dkt. No. 235 at 4, *ff*. Namely, when determining whether to grant a motion to reopen, a court may consider "(1) the timeliness of the motion, (2) the character of the testimony, (3) the effect of granting the motion, (4) the reasonableness of the excuse for failing to present the evidence prior to resting, and (5) whether belated receipt of the evidence would mark it with distorted importance, prejudice the other party's case, or preclude the other party from adequately addressing it." *United States v. Espinoza*, 211 F. App'x 795, 700 (10th Cir. 2007).

The court determined that, although the first two (2) factors leaned in the Government's favor, the remainder (and majority) of the *Espinoza* factors weighed in favor of Defendant, *i.e.*, in favor of denying the Government's motion to reopen its case-in-chief. The court need not replicate its *Espinoza* analysis here. Rather, it is sufficient to note that the Government's Motion does not

7

contain any arguments or evidence that could not have raised in prior briefing, nor does it identify any valid misapprehensions by the court with respect to the facts, law, or the Government's position.

The Government's Motion for Reconsideration specifies that if permitted to reopen its case-in-chief, it would call Charles York and Rachel Meinershagen to testify regarding Defendant's non-Indian status. Dkt. No. 244 at 11. Mr. York, the Defendant's ex-husband, already testified in the Government's case-in-chief. *Id*. at 4. The Government did not call Ms. Meinershagen—an Operation Support Technician for the FBI who was not identified on the Government's Witness List [Dkt. No. 228-1]—but there is no reason to believe that it could not have done so.[4] The Government provides no explanation for its failure to call Ms. Meinershagen or elicit additional testimony from Mr. York.

The Government's proffered evidence does not justify this court vacating its November 22, 2022, Opinion and Order denying the Government's request to reopen its case-in-chief. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.").

The Government also urges, again, that it should be permitted to reopen its case-in-chief because its failure to plead and prove Defendant's non-Indian status was "inadvertent mistake."

---

[4] The Government states that Ms. Meinershagen "would have testified that she contacted nine Indian tribes located within the Eastern District of Oklahoma and inquired about the defendant's status and received negative responses to each inquiry." Dkt. No. 244 at 11. As addressed in the court's November 22, 2022, Opinion and Order (and again hereinbelow), that Defendant is not a member of any of the tribes Ms. Meinershagen contacted does not establish her non-Indian status.

8

Dkt. No. 244 at 10 (citing *United States v. Hinderman*. 625 F.2d 994, 996 (10th Cir. 1980)). *Hinderman* is instructive, but not for the purpose the Government advocates. In *Hinderman* the Tenth Circuit was clear that a trial court does not run afoul of the rules of criminal procedure or the defendant's right against double jeopardy when it "allows the prosecution to reopen its case *before the defendant begins its defense . . . .*" *Id*. (emphasis added).[5] Here, the Government moved to reopen its case-in-chief *after* cross examining the Defendant and *after* the court reserved decision on Defendant's motion for judgment of acquittal. The court declines to treat the Government's case-in-chief as "an experiment that can be cured after the defendant has, by motion, identified the failures*." Hindermn*, 625 F.2d at 996 (10th Cir. 1980).

For these reasons, as well at those contained in the November 22, 2022, Opinion and Order, the Government's Motion is denied insofar as it seeks reconsideration and reversal of the court's earlier denial of the Government's motion to reopen its case-in-chief.

### B. Defendant's Motion for Judgment of Acquittal.

The Government also argues that the court erred in granting the Defendant's Motion for Judgment of Acquittal pursuant to FED. R. CRIM. P. 29 ("Rule 29"), which provides in pertinent part:

> (a) **Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.
>
> * * *
>
> (b) **Reserving Decision.** The court may reserve decision on the motion, proceed with trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

---

[5] *See* note 3, *supra*.

Consistent with the language in Rule 29(b), the court first reserved decision on Defendant's Motion for Judgment of Acquittal and later decided it "on the basis of the evidence at the time the ruling was reserved." Rule 29(b). The decisive inquiry was Defendant's Indian status, which is determined by application of a two-part test: "[t]o find that a person is an Indian the court must first make factual findings that the person has 'some Indian blood' and, second, that the person is 'recognized as an Indian by a tribe or by the federal government.'" *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (quoting *United States v. Keys*, 103 F.3d 758, 761 (9th Cir. 1996)). "A person satisfies the definition only if both parts are met; conversely the government can prove that a person is not Indian by showing that he fails either prong." *Id*. Based on the record evidence at the time the court reserved ruling on Defendant's Motion for Judgment of Acquittal, the court held that the Government had not established Defendant's non-Indian status to a degree a reasonable jury could find it beyond a reasonable doubt. Dkt. No. 235 at 7.

The Government does not directly attack the court's November 22, 2022, Order to the extent it precludes consideration of Defendant's testimony on cross-examination by operation of Rule 29(b). Dkt. No. 244 at 5-6. Rather, the Government argues that, based on the evidence that already comprised its case-in-chief at the time it rested, the Government established Defendant's non-Indian status to such a degree that a reasonable jury could find it beyond a reasonable doubt. Therefore, the Government contends the court erred in granting Defendant's Motion for Judgment of Acquittal.

The Government correctly stresses that in deciding a Motion for Judgment of Acquittal under Rule 29, the court must consider the totality of the evidence, and view such evidence, both direct and circumstantial, in the light most favorable to the Government. Dkt. No. 244 at 3-4; *see also United States v. Fuller*, 751 F.3d 1150, 1153 (10th Cir. 2014); *United States v. Diaz*, 679 F.3d

10

1183, 1187 (10th Cir. 2012). After review and reconsideration of the court's November 22, 2022, Opinion and Order [Dkt. No. 235], and of all relevant briefing from the Government and Defendant [Dkt Nos. 219, 224, 244, 245], the court declines to modify its holding.

"The specific grounds which allow granting [a motion for reconsideration] include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Warren*, 22 F.4th at 927 (10th Cir. 2020) (internal citations omitted). As with the Government's request that the court reconsider its denial of the Government's Motion to Reopen, the Government does not argue a change in controlling law or the existence of new evidence previously unavailable. Thus, the Government must show that the court "misapprehended the facts, a party's position, or the controlling law," resulting in clear error or manifest injustice. *Servants of Paraclete*, 204 F.3d at 1012 (10th Cir. 2000).

In the November 22, 2022, Opinion and Order [Dkt. No. 235], the court identified the following as evidence that might arguably pertain to Defendant's non-Indian status:

> The prosecutor asked Ms. Showalter: "As part of the now federal investigation, did you also have to confirm the tribal status of the victim or the defendant in this case?" [Dkt. No. 222, 10:13 – 15]. Ms. Showalter responded that the victim was a member of the Cherokee Nation [*Id.*, 10:16 – 11:4].
> 
> ***
> 
> The prosecutor asked Charles York, Defendant's former husband and G.Y.'s biological father, "What side of the family does [G.Y.'s] Native American heritage come from?" Mr. York responded, "My side."
> 
> ***
> 
> The order dismissing the prior state court proceeding has an "X" by the paragraph which provides that the victim has some degree of Indian blood, while the paragraph providing that Defendant has some degree of Indian blood is left blank [Government Exhibit 4, p. 1].
> 
> ***
> 
> Records from a genetics consultation G.Y. underwent provide: "MATERNAL: Native American ancestry" [Government Exhibit 152, p. 3].

The court analyzed the above evidence and deemed it inadequate with respect to the establishment of Defendant's non-Indian status. Dkt. No. 235 at 12 - 13. Critically, Defendant's non-Indian status is an essential element of the crimes brought against her under 18 U.S.C. § 1152. *See, e.g., United States v. Prentiss*, 273 F.3d 1277, 1278 (10th Cir. 2001). The court reasoned that "the first three pieces of evidence are silent as to Defendant's non-Indian status and require an elongated and amorphous series of negative inferences to support the conclusion that Defendant is a non-Indian." Dkt. No. 235 at 13. The only evidence that directly addresses the Defendant—the genetic consultation that is Government Exhibit 152—expressly states that Defendant has Native American ancestry. *Id*. The Government failed to allege or prove that Defendant is a non-Indian, and the court is not required to pile "inference upon inference" to satisfy that element. *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015).

The Government seems to place added weight on the state court dismissal containing an "X" indicating that the victim is an Indian but no similar 'X' as to Defendant. Dkt. No. 244 at 5-6. The Government argues that the state court dismissal is "equivalent to Defendant's in-court admission during cross-examination that she is not an Indian . . . Therefore, even though this court has found it erred in ruling that it would consider the Defendant's testimony for the purpose of determining whether she was a non-Indian, any error was harmless because Defendant admitted her non-Indian status in [the state court order], which she approved and signed, and which was admitted during the government's case-in-chief." *Id*. at 6.

If the Government is arguing that Defendant's testimony on cross-examination should in fact be considered because the court's initial bench ruling was harmless error, the court disagrees. Whether the court's initial order from the bench was "harmless error" is immaterial because the court corrected it in advance of ruling on Defendant's Motion for Judgment of Acquittal. Dkt. No.

235 at 4. Rule 29(b) is clear that when a court reserves decision on a motion for acquittal, as the court did here, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." The court reserved decision on Defendant's Motion for Judgment of Acquittal at the conclusion of the Government's case-in-chief, before Defendant's testimony on cross-examination. In rendering its decision, the court properly considered only the evidence submitted as of the conclusion of the Government's case-in-chief. The court declines to reverse that decision here.

If, on the other hand, the Government is arguing that the state court order is somehow equivalent to Defendant's testimony on cross-examination and that the court should have afforded it more weight, the court must again disagree. The court already afforded the state court order due consideration and weight, concluding that although a scintilla of negative inference might be drawn to deduce circumstantial evidence of Defendant's non-Indian status, the document is actually silent on that point. Dkt. No. 235 at 12-13.

As with the state court order, FBI Special Agent Tiffani Showalter's testimony that the victim is a member of an Indian tribe does not establish that Defendant is not. Similarly, testimony from Charles York, the victim's father, that the victim's Indian heritage is from his "side" does not preclude inheritance from Defendant's side as well. The court acknowledged that one might infer from these pieces of evidence that Defendant has no degree of Indian blood. *Id*. at 13. However, the court's conclusion that it need not pile "inference upon inference" holds. *Id*. (citing *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015)). Moreover, that the only item of evidence that *directly* addressed Defendant's non-Indian status expressly stated that Defendant did in fact have Native American ancestry [Government Exhibit 152, p. 3] further supports the court's conclusion that the Government did not prove this element beyond a reasonable doubt.

Again, the Government does not argue that reconsideration is warranted due to an intervening change in law or the existence of evidence previously unavailable. *Warren*, 22 F.4th at 927 (10th Cir. 2020) Therefore, the Government's Motion may only be granted to correct clear error or manifest injustice. *Id*.

The court finds that the Government has not shown clear error or manifest injustice. Rather, the Government's Motion simply re-urges evidence that the court already reviewed and considered to be "nominal." Dkt. No. 235 at 2. The court is mindful that "[a] motion to reconsider is not a second chance for the losing party to make its case strongest or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). As such, the Government's Motion to Reconsider Judgment of Acquittal is denied.

## CONCLUSION

For the reasons set forth above, the Government's Motion to Reconsider Judgment of Acquittal [Dkt. No. 244] is **DENIED**.

**IT IS SO ORDERED** this 9th day of February, 2023.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**